IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| CHARLIE RAY TAYLOR | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 9:14cv177 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Charlie Ray Taylor, an inmate at the Lewis Unit, proceeding *pro se*, brought the above-styled petition for writ of habeas corpus. The action was previously dismissed without prejudice. Petitioner has filed a motion for reconsideration of the final judgment.

FED. R. CIV. P. 59 provides in pertinent part the following:

(a)(1) *Grounds for New Trial*. The court may, on motion, grant a new trial on all or some of the issues - and to any party - as follows:

(A)  after a jury trial, for any of reason for which a new trial has heretofore been granted in an action at law in federal court; or

(B)  after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

(2) *Further Action After a Nonjury Trial*. After a nonjury trial the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

(e) Motion to Alter or Amend Judgment. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

Rule 60(b), FED. R. CIV. P., provides in pertinent part:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial

under Rule 59(b); (3) fraud ..., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

After careful consideration of petitioner's motion, the court is of the opinion that the motion fails to set forth a meritorious ground warranting relief under either Rule 59 or Rule 60(b). All of petitioner's claims which do not contest the validity of the disciplinary report at issue in this petition were severed to proceed as a separate civil rights action. *See Taylor v. Livingston*, 9:16cv171. For the reasons set forth in the Report and Memorandum Order previously entered in this action, petitioner's claims are without merit. Therefore, petitioner's motion for reconsideration should be denied.

## ORDER

For the reasons set forth above, petitioner's motion for reconsideration is without merit. It is therefore,

**ORDERED** that petitioner's motion for reconsideration is **DENIED**.

So **ORDERED** and **SIGNED** this **29** day of **December, 2016.**

_____
Ron Clark, United States District Judge